

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/12/2007

| | | |
|---|---|---|
| IN RE: § | | |
| MICHAEL D. BAUMGARDNER; dba ATEX ROOFING § § | CASE NO: 05-92544 | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| FEDERAL INSURANCE COMPANY, *et al* § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 06-3376 | |
| § | | |
| MICHAEL D. BAUMGARDNER; dba ATEX ROOFING § § | | |
| Defendant(s) § | | |

## **MEMORANDUM OPINION ON PLAINTIFF'S SUMMARY JUDGMENT MOTION**

For the reasons set forth below, Plaintiffs' motion for summary judgment will be granted by separate order.

### **Background**

Michael Baumgardner filed a chapter 7 bankruptcy petition on October 14, 2005. At the time that he filed his petition, Baumgardner was a defendant in a lawsuit filed by Federal Insurance Company and by Chubb Lloyds Insurance Company of Texas ("FIC and Chubb"). In general, FIC and Chubb alleged that Baumgardner had committed multiple acts of intentional fraud in the conduct of his roofing business. FIC and Chubb alleged that Baumgardner inflated roof repair estimates for the repair of the homes of FIC and Chubb's insureds, with the intent of defrauding FIC and Chubb.

When Baumgardner filed his bankruptcy schedules and his creditor matrix, he did not list either Federal Insurance Company or Chubb as a creditor. The deadline for a creditor to object to Baumgardner's discharge or to sue for an exception of the discharge was set at February 13,

2006.

FIC and Chubb were first given notice of Baumgardner's bankruptcy petition on March 24, 2006. Baumgardner's discharge was entered on March 27, 2006.

## Nature of Suit

On May 8, 2006, this adversary proceeding was filed. FIC and Chubb seek a determination that Baumgardner's debt to them is excepted from his discharge under 11 U.S.C. § 523(a)(3). That section of the Bankruptcy Code provides as follows:

> A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—
>
> > (3) neither listed nor scheduled under section 521 (1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
> >
> > > (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
> > >
> > > (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3).

## Summary Judgment Standard

A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005). Material facts are those that could affect the outcome of the action or could allow a reasonable fact finder to find in favor of the non-moving party. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005).

The evidentiary support needed to meet the initial summary judgment burden depends on

whether the movant bears the ultimate burden of proof at trial. At all times, a court views the facts in the light most favorable to the non-moving party. *Rodriguez v. ConAgra Grocery Products, Co.*, 436 F.3d 468, 473 (5th Cir. 2006). However, to weigh evidence would result in a credibility determination which is not part of the summary judgment analysis. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001); *See MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006). A court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

If the movant bears the burden of proof, a successful motion must present evidence that would entitle the movant to judgment at trial. *Rushing v. Kansas City S. Ry., Co.,* 185 F.3d 496, 505 (5th Cir. 1999); *Fontenot v. Upjohn, Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Warfield*, 436 F.3d at 557. The non-moving party has a duty to respond with specific evidence demonstrating a triable issue of fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005). When identifying specific evidence in the record, the non-movant must articulate how that evidence supports its position. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 305 (5th Cir. 2004).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Id.; see also Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005); *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). The movant may seek summary judgment if insufficient evidence has emerged from discovery to support the non-moving party's claims. 10A C.A. Wright, A. Miller & M.K. Kane, Fed. Pract. & Proc. Civil § 2727, pp. 472-74 (3d ed. 1998). At this time the non-moving party must respond with sufficient evidence to support the challenged element of its case or present evidence to raise a material issue of fact. *Id.; Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005). Ultimately, the

motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *See Condrey*, 431 F.3d at 197.

### This Motion

This summary judgment motion was filed on May 15, 2007. No response has been filed.

FIC and Chubb submitted the affidavit of Charles Holm along with their motion. That affidavit establishes that FIC and Chubb did not have notice of the filing of Baumgardner's bankruptcy petition prior to the February 13, 2006 discharge deadline in Baumgardner's case.

FIC and Chubb also submitted the affidavit of John Luthringer. Luthringer's affidavit establishes Baumgardner's fraudulent conduct and that the conduct resulted in overpayments by FIC and Chubb to Baumgardner totaling $391,111.00.

Baumgardner has not disputed the allegations in either affidavit.

FIC and Chubb's underlying claim against Baumgardner is of the type described in § 523(a)(2), § 523(a)(4) or § 523(a)(6). Accordingly, FIC and Chubb have demonstrated that they are entitled to an exception from Baumgardner's bankruptcy discharge.

SIGNED **June 11, 2007**.

MARVIN ISGUR
United States Bankruptcy Judge